IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JHS CAPITAL ADVISORS, LLC,

    Plaintiff,

v.                                                          Case No: _____

WELLS FARGO INSURANCE
SERVICES USA, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, JHS CAPITAL ADVISORS, LLC sues Defendant, WELLS FARGO INSURANCE SERVICES USA, INC., and by and through undersigned counsel alleges as follows:

## PARTIES

1.    Plaintiff, JHS CAPITAL ADVISORS, LLC ("JHS" or "Plaintiff") is a Florida limited liability company which was converted from a Delaware corporation in November of 2011. On December 30, 2009, JHS changed its name from Pointe Capital, Inc. At all material times JHS has conducted business in Florida and has maintained its principal place of business in Tampa, Florida.

2.    Upon information and belief, defendant, WELLS FARGO INSURANCE SERVICES USA, INC. ("Wells Fargo" or "Defendant"), is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. At all material times, Defendant was engaged in the insurance brokerage business in the State of Florida and elsewhere by and through its employees and agents.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper because this is an action for damages which exceeds $15,000, exclusive of attorneys' fees, interest and costs.

4.     Venue is proper in this court because the cause of action accrued in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5.     In exchange for compensation, Wells Fargo agreed to procure liability insurance coverage for JHS from which JHS would have received a benefit.

6.     In doing so, Wells Fargo acted as an agent on behalf of JHS.

7.     Wells Fargo was aware that JHS had changed its name from Pointe Capital, Inc.

8.     Wells Fargo produced securities broker-dealer professional liability insurance policies to JHS issued by Westchester Surplus Lines Insurance Company ("Westchester"), under policy numbers G24189480A001 and G24189466 001. Copies of the Policies are attached as Exhibits A and B.

9.     The Policies were renewed for the policy period 3/15/2012 to 3/15/2013. Exhibits D, E. The Retroactive Date is 2/01/2005.

10.    Each of the policies provides, in pertinent part, that:

A. *The insurer shall pay on behalf of the Insured Broker-Dealer, Loss which the Insured Broker-Dealer becomes legally obligated to pay by reason of any Claim first made against the Insured during the policy period in accordance with the terms of this Policy for any Wrongful Acts taking place after the Retroactive Date but before the expiration of the policy:*

1. *In rendering or failing to render professional services by the Insured Broker-Dealer; or*

2. *In failing to supervise an Insured Registered Representative in the*

*rendering or failing to render Professional Services by such Insured Registered Representative on the behalf of the Insured Broker-Dealer.*

11.     The instant dispute arises out of Westchester's coverage position with respect to four underlying claims against JHS.

12.     Each of the claims arises from the principal risk which arises from JHS's core business activity.

13.     If these claims are not covered, JHS received no value for the insurance premiums it paid.

14.     Sisk Claim

     a.     On or about February 15, 2011, John Sisk, a former customer of JHS, filed a Statement of Claim before the Arbitration Tribunal of the Financial Industry Regulatory Authority against Respondents JHS Capital Advisors, LLC; Pointe Capital, Inc.; John H. Sykes; Daniel R. Levene; Paul H. Chuzi; Paul R. Richardson; Kirk E. Kubacki; and Enver R. Alijaj.

     b.     On or about June 27, 2011, Sisk filed his First Amended Statement of Claim, the operative complaint in the underlying matter. Sisk alleged claims for excessive trading/churning, violation of Rule 10b-5, common law fraud, ordinary and gross negligence, breach of contract, negligent retention and/or negligent hiring, control person liability, and *respondeat superior* liability. A copy of the First Amended Statement of Claim is attached as Exhibit F.

     c.     Through the First Amended Statement of Claim, Sisk sought from the JHS respondents more than $4,000,000.00 in damages which Sisk described, at eighteen (18) different locations in the First Amended Statement of Claim, "compensatory damages

and/or disgorgement of ill-gotten gains"[1] along with loss of opportunity damages of $500,000.00; interest; attorneys' fees; costs; and punitive damages.

 d. The underlying claim was heard at a final arbitration hearing before a FINRA Panel May 31 – June 5, 2012 and June 26-27, 2012

 e. On July 13, 2012, the FINRA Panel served its award. A copy of the Award is attached as Exhibit G. The FINRA Panel expressly determined that JHS, Pointe, and Alijaj would be jointly and severally liable to Sisk for:

  i. Compensatory damages in the amount of $1,500,000.00;

  ii. Punitive damages in the amount of $100,000.00;

  iii. Attorneys' fees in the amount of $93,204.00; and

  iv. Hearing session fees in the amount of $6,600.00, and other costs.

 f. Westchester issued certain communications through which Westchester acknowledged, subject to certain defenses, coverage for the Respondents, and through which Westchester promised to provide the Respondents with a defense against the Sisk claim.

 g. After the FINRA award was issued, Westchester refused to indemnify Plaintiff against the award.

 h. JHS filed a Statement of Claim in arbitration before the American Arbitration Association to establish coverage for this claim. This arbitration proceeding is currently pending.

---

[1] See paragraphs 9, 38 (twice), 47 (twice), 51 (twice), 56 (twice), 74 (twice), 78 (twice), 86 (twice), 91, 97, 101.

15.   Mitchell Claim

    a.   On or about July 5, 2012, James E. Mitchell, a former customer of JHS, filed a Statement of Claim before the Arbitration Tribunal of the Financial Industry Regulatory Authority against Respondents Pointe Capital, Inc. a/k/a JHS Capital, Inc. and John Stapleton.

    b.   Mitchell alleges claims for unauthorized trading, churning, breach of contract, professional negligence, negligent supervision, unsuitability, de facto control, and breach of fiduciary duty and breach of implied covenant of good faith and fair dealing. A copy of the Statement of Claim, which is currently pending, is attached as Exhibit H.

    c.   Mitchell alleges that his overall loss is $1,500,000, and seeks compensatory losses, lost interest, post-award interest, attorneys' fees, and costs.

    d.   JHS is expending significant financial resources defending against this claim, and this expenditure is ongoing.

    e.   Westchester refused to provide, and continues to refuse to provide, a defense for Plaintiff against the Mitchell claim.

    f.   JHS filed a Statement of Claim in arbitration before the American Arbitration Association to establish coverage for this claim. This arbitration proceeding is currently pending.

16.   Karry Claim

    a.   On or about July 23, 2012, Robert Karry, a former customer of JHS, filed a Statement of Claim before the Arbitration Tribunal of the Financial Industry Regulatory Authority against Respondents Pointe Capital, Inc. a/k/a JHS Capital Advisors, LLC, and Nicolas Arango.

b.      Karry alleged claims for breach of fiduciary duty and breach of implied covenant of good faith and fair dealing; de facto control; unsuitability; negligent supervision; professional negligence; breach of contract; churning; and unauthorized trading. A copy of the Statement of Claim is attached as Exhibit I.

c.      Karry alleged that his overall loss is at least $2,500,000 and sought compensatory losses, lost interest, post-award interest, attorneys' fees, and costs.

d.      The claim was voluntarily dismissed with prejudice on or about July 23, 2013.

e.      JHS expended significant financial resources defending against this claim.

f.      Westchester refused to provide a defense for Plaintiff against the Karry claim.

g.      JHS filed a Statement of Claim in arbitration before the American Arbitration Association to establish coverage for this claim. This arbitration proceeding is currently pending.

17.     Johnston Claim

a.      On or about July 24, 2012, Henry Johnston, a former customer of JHS, filed a Statement of Claim before the Arbitration Tribunal of the Financial Industry Regulatory Authority against Respondents Pointe Capital, Inc.; John M. Lopinto; and Robert Wilkos.

b.      Johnston alleges claims for negligence; breach of fiduciary duty; negligent supervision; and breach of contract. A copy of the Statement of Claim, which is currently pending, is attached as Exhibit J.

c.    Johnston alleges that his overall loss is approximately $500,000, and seeks damages, punitive damages, interest, and costs.

d.    JHS is expending significant financial resources defending against this claim, and this expenditure is ongoing.

e.    Westchester refused to provide a defense for Plaintiff against the Johnston claim.

f.    JHS filed a Statement of Claim in arbitration before the American Arbitration Association to establish coverage for this claim. This arbitration proceeding is currently pending.

## COUNT I – NEGLIGENT PROCUREMENT OF INSURANCE COVERAGE

18.    JHS incorporates the allegations paragraphs 1 through 17 above.

19.    Wells Fargo agreed to procure insurance coverage for JHS from which JHS would have received a benefit.

20.    Wells Fargo acted as an agent for JHS.

21.    Wells Fargo failed to exercise reasonable skill, care, and diligence to procure the requested coverage or failed to notify the client of such failure within a reasonable time.

22.    If Westchester is successful in its position that its policies do not provide coverage for the Mitchell, Karry, and Johnston claims, and that it does not owe indemnity for the entirety of the Sisk claim, then Wells Fargo negligently failed to procure appropriate insurance coverage for JHS.

23.     Wells Fargo's failure to procure insurance coverage was the cause in fact of JHS's failure to receive insurance benefits to which JHS would have otherwise been entitled for the Sisk, Mitchell, Karry, and Johnston claims had coverage been properly procured.

24.     Wells Fargo must compensate JHS for all its damages, which include but are not limited to damages awarded by the FINRA Panel, defense fees and costs paid by JHS, and attorneys' fees and costs incurred in connection with the arbitration proceeding against Westchester.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages sustained, costs, interest, and such other relief as may be just and equitable.

## DEMAND FOR JURY TRIAL

A trial by jury is demanded for all issues so triable.

Dated: September 3rd, 2013.

FORIZS & DOGALI, P.A.

Andy Dogali
Florida Bar No. 0615862
adogali@forizs-dogali.com
Jacqueline Palik
Florida Bar No. 0049271
jpalik@forizs-dogali.com
4301 Anchor Plaza Parkway, Suite 300
Tampa, FL 33634
Telephone: (813) 289-0700
Facsimile: (813) 289-9435
*Attorneys for Plaintiff*